IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**WEIRTON MEDICAL CENTER, INC.,**

Plaintiff,

v.

Civil Action No. 5:15-CV-132
(BAILEY)

**COMMUNITY HEALTH SYSTEMS, INC.,
QUORUM HEALTH RESOURCES, LLC,
STEPHEN MILLER, MICHAEL ROLPH,
ROBERT LOVELL, ROBERT VENTO,
DANIEL HAMMAN, and JOHN WALTKO,**

Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

Pending before this Court is the Defendants' Motion to Compel Arbitration and to Stay Proceedings [Doc. 12], filed January 19, 2016. The plaintiff has failed to respond to the Motion, and the time within which to do so has since expired. "Since plaintiff has not responded to [defendants'] motion to compel arbitration, this court could treat the motion as uncontested and grant it without further notice. The court has, nevertheless, decided to address the merits . . .." ***Payton v. Nordstrom, Inc.***, 462 F.Supp.2d 706, 708-09 (M.D.N.C. 2006). Accordingly, this Court finds the motion is ripe for decision.

1

## I. Statement of Facts and Procedural History

This case was originally filed in this Court on October 13, 2015 [Doc. 1]. In its Complaint, plaintiff alleges: (i) Fraud and Misrepresentation; (ii) Promissory/Equitable Estoppel; (iii) Breach of Fiduciary Duties and Confidential Relationships; (iv) Aiding and Abetting Breach of Fiduciary Duty; (v) Tort of Outrage; (vi) Negligence; (vii) Negligent Misrepresentation; and (viii) Civil Conspiracy. Subsequently, the defendants filed the instant Motion to Compel Arbitration and to Stay Proceedings [Doc. 12]. In support, the defendants state that several valid arbitration clauses exist which govern the above claims.

The arbitration clause contained in the Interim Support Agreement states as follows:

> I. Arbitration for All Disputes. Except for any breach of Section 3(G) above, to which QHR is entitled to seek injunctive relief in a court of competent jurisdiction, any controversy or claim arising out of or relating to this LOE, or the breach, termination or validity thereof, shall be determined by binding arbitration in Brentwood, Williamson County, Tennessee in accordance with the arbitration rules of the American Arbitration Association ("AAA") in effect on the date of this LOE by a single arbitrator who: (i) has at least fifteen (15) years of experience as a healthcare attorney; and (ii) is selected as provided in the rules of the AAA. The Arbitrator shall base the award on this LOE, and applicable law and judicial precedent, and shall accompany the award with a written explanation of the reasons for the award. The arbitration shall be governed by the substantive and procedural laws of the State of Tennessee applicable to contracts made and to be performed therein. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

Additionally, the Agreement for Hospital Administration Services contains the

following:

## ALTERNATIVE DISPUTE RESOLUTION

8.1 Agreement to Arbitrate. Except for any breach of Section 2.4 and Article V, to which a Party is entitled to seek injunctive relief in a court of competent jurisdiction, any controversy or claim arising out of or relating to this Agreement, or the breach, termination or validity thereof, shall be determined by binding arbitration in Pittsburgh, PA, in accordance with the provisions of this Article VIII and the arbitration rules of the American Arbitration Association ("AAA") in effect on the date of this Agreement by a single arbitrator who: (i) has the qualifications and experience set forth in Section 8.2 below; and (ii) is selected as provided in Section 8.3 below. The arbitrator shall base the award on this Agreement, and applicable law and judicial precedent, and shall accompany the award with a written explanation of the reasons for the award. The arbitration shall be governed by the substantive and procedural laws of the State of West Virginia applicable to contracts made and to be performed therein. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

8.2 Qualifications of Arbitrator. Every person nominated or recommended to serve as an arbitrator hereunder shall be a lawyer with excellent academic and professional credentials who has had experience as an arbitrator and at least fifteen (15) years experience as a practicing attorney who actively practices in the substantive subject matter area involved in the dispute.

8.3 Selection of Arbitrator. The arbitrator shall be selected as provided in this Article VIII, and otherwise in accordance with the rules of the AAA in effect during the Term of this Agreement, except that each Party shall be entitled to strike on a peremptory basis any or all names of potential arbitrators on the list submitted by the AAA as not being qualified in accordance with the criteria set forth in Section 8.2 above.

8.4 Authority of Arbitrator. The arbitrator shall have the exclusive authority to decide the scope of issues to be arbitrated. Any challenge to the arbitrability of any issue related in any way to the matters or claims in dispute between the Parties shall be determined solely by the arbitrator. Also, any challenge to the validity of this arbitration provision, or any subpart thereof, shall be determined and decided exclusively by the arbitrator.

## II. Applicable Law

Section 2 of the Federal Arbitration Act ("FAA") provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party can compel arbitration by establishing: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of the defendant to arbitrate the dispute. *See **Adkins v. Labor Ready, Inc.**,* 303 F.3d 496, 500-01 (4th Cir. 2002).

Generally, "[t]he FAA reflects 'a liberal federal policy favoring arbitration agreements.'" ***Adkins,*** 303 F.3d at 500 (quoting ***Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.***, 460 U.S. 1, 24 (1983)). Indeed, the FAA serves as "a response to hostility of American courts to the enforcement of arbitration agreements, a judicial disposition inherited from then-longstanding English practice." ***Circuit City Stores, Inc. v. Adams***, 532 U.S. 105, 111 (2001). Moreover, a court is required to "resolve 'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'" ***Hill v. PeopleSoft USA, Inc.***,

4

412 F.3d 540, 543 (4th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25).

There is one important caveat to the reach of the FAA. "Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts." *Hill*, 412 F.3d at 543 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24). For example, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2" of the FAA. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (citations omitted).

State-law principles derived from West Virginia law cannot be used to invalidate the Agreement based solely on the fact that it contains an arbitration provision. "The Supreme Court has made clear that 'state law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.' *Perry* [*v. Thomas*], 482 U.S. [483,] at 492 n. 9 (stating further that '[a]n agreement to arbitrate is valid, irrevocable, and enforceable, *as a matter of federal law* ... ') (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24); *see* 9 U.S.C. § 2." *American General, supra* at 90.

It is well established that, "if a party seeks to avoid arbitration and/or a stay of federal court proceedings pending the outcome of arbitration by challenging the validity or enforceability of an arbitration provision on any grounds that 'exist at law or in equity for the revocation of any contract,' 9 U.S.C. § 2, the grounds 'must relate specifically to the

arbitration clause and not just to the contract as a whole.'" *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 636 (4th Cir. 2002) (quoting *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999)). In fact, "when claims allege unconscionability of the contract generally, these issues are determined by an arbitrator because the dispute pertains to the formation of the entire contract, rather than the arbitration agreement." *Sydnor v. Conseco Fin. Serv. Corp.*, 252 F.3d 302, 305 (4th Cir. 2001). Similarly, the FAA "does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404 (1967)).

## III. Discussion

This Court finds that the arbitration provisions are valid and that the plaintiff's claims derive from the Agreements.

Again, this Court notes that it must resolve "any doubts concerning the scope of arbitrable issues [] in favor of arbitration . . . ." *Moses H. Cone Memorial Hosp.*, 460 U.S. 1, 24-25. "To that end, 'the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration.' *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (internal quotation marks omitted). Thus, we may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-

6

83 (1960)." *Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001).

The Arbitration clause in this case states that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach, termination or validity thereof" shall be arbitrated. Such broadly-worded language has been heavily viewed in favor of arbitration. The Fourth Circuit has held that "a broadly-worded arbitration clause applies to disputes that do not arise under the governing contract when a 'significant relationship' exists between the asserted claims and the contract in which the arbitration is contained. *See* **American Recovery Corp. v. Computerized Thermal Imaging, Inc.**, 96 F.3d 88, 93 (4th Cir. 1996)." *Long v. Silver*, 248 F.3d at 316. Further, "[t]he intentions of parties to an arbitration agreement are generously construed in favor of arbitrability." **American Recovery**, 96 F.3d at 94. Here, the parties explicitly agreed on an arbitration clause "that by its plain language has a broad scope." *Id.* "Thus, it is not inconsistent with the intentions of the parties to give the arbitration clause broad effect." *Long*, 248 at 317.

Given this framework, this Court finds that most, if not all facts alleged stem from the execution of the Agreement. "[W]e may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Long v. Silver*, 248 F.3d at 316. This Court finds the instant dispute is covered by the broad language of the subject Arbitration clause. The plaintiff has provided this Court with no evidence to the contrary. Accordingly, arbitration is warranted.

## IV. Conclusion

For the reasons stated above, this Court hereby **GRANTS** the Defendants' Motion

to Compel Arbitration and to Stay Proceedings **[Doc. 12]**. Accordingly, this Court finds that the case should be, and hereby is, **ORDERED** submitted to arbitration.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 10, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE