IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON MEDICAL CENTER, INC.,

    Plaintiff,

v.                                             Civil Action No. 5:15CV132
                                                                  (STAMP)
COMMUNITY HEALTH SYSTEMS, INC.,
QUORUM HEALTH RESOURCES, LLC,
STEPHEN MILLER, MICHAEL ROLPH,
ROBERT LOVELL, ROBERT VENTO,
DANIEL HAMMAN and JOHN WALTKO,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT COMMUNITY HEALTH SYSTEMS, INC.
FOR LACK OF PERSONAL JURISDICTION AND
DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO TRANSFER**

Pending for consideration is whether this Court may exercise personal jurisdiction over defendant Community Health Systems, Inc. ("CHSI"). During the briefing of the motion to vacate an arbitration award filed by Weirton Medical Center, Inc. ("Weirton") (ECF No. 30), defendant CHSI filed a response (ECF No. 43) in which it purports to enter a special appearance to challenge whether this Court may exercise personal jurisdiction over it.

This Court construes CHSI's challenge to personal jurisdiction as a motion to dismiss for lack of personal jurisdiction.[1] There

---

[1] CHSI concludes its response only by stating, "For the reasons stated above, this Court should deny Plaintiff's Motion to Vacate Arbitration Award." ECF No. 43 at 6-7. However, footnote 1 on page 4 states, "To the extent the Court considers this Response a responsive pleading to the Complaint, CHSI moves the Court to dismiss the Complaint as against CHSI on personal jurisdiction grounds, for the reasons stated herein." ECF No. 43 at 4 n.1.

has been full briefing in which the parties have set out their contentions. This memorandum opinion and order will specifically address the issue of personal jurisdiction as to defendant CHSI.

For the reasons set forth below, this Court finds that it does not have personal jurisdiction over defendant CHSI, and thus, defendant CHSI's motion to dismiss for lack of personal jurisdiction (ECF No. 43) is granted. Accordingly, defendant Community Health Systems, Inc., is hereby dismissed from this civil action.

I. Procedural History

Non-party Quorum Intensive Resources ("QIR"), an entity affiliated with defendant Quorum Health Resources ("QHR"), was once an indirect subsidiary of CHSI. QIR initiated an arbitration against Weirton. The arbitrator issued an award in QIR's favor and denied all of Weirton's counterclaims. This Court then affirmed that award and the United States Court of Appeals for the Fourth Circuit affirmed this Court's ruling on appeal.

On October 13, 2015, Weirton filed this action against the above-named defendants, including CHSI. This Court then granted the defendants' motion to compel arbitration in this new action and stayed this civil action pending arbitration. ECF No. 22. The arbitrator issued an award dismissing all of Weirton's claims, holding:

> [Weirton]'s allegations directed to CHS[I] are conclusory, vague and/or on their face based upon only

> "information and belief" and/or speculation. Although not pled, [Weirton] seems to suggest that this Arbitrator should pierce the corporate veil of either QHR or QIR and hold CHS[I] liable for the actions of QHR and/or QIR simply because the parties are related. CHS[I] is indisputably a holding company, with no alleged direct connection with any claim. It has no place in this proceeding for these reasons alone.

ECF No. 33-1 at 2-3.

Weirton then filed a motion to vacate the arbitration award (ECF No. 30) under § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. During the briefing of Weirton's motion (ECF No. 30), defendant CHSI raised the issue of personal jurisdiction in its response (ECF No. 43).

In response to CHSI's response in opposition to the motion to vacate, Weirton filed a motion for jurisdictional discovery (ECF No. 50). CHSI opposed the motion for discovery and requested that the Court dismiss CHSI from this action for lack of personal jurisdiction. ECF No. 54.

This Court directed the parties to conduct limited discovery regarding the nature and extent of defendant CHSI's minimum contacts with West Virginia as they pertain specifically to the claims alleged in this civil action dealing with personal jurisdiction.[2] ECF No. 56. This Court found that limited

---

[2]This Court's order dated April 25, 2017 states "the parties are DIRECTED to conduct limited discovery on the nature and extent of CHS's contacts with West Virginia as they pertain specifically to the claims alleged in this civil action . . . . **Discovery shall be limited to the personal jurisdiction issue only**." ECF No. 56 at 2 (emphasis in original).

jurisdictional discovery was necessary to determine whether CHSI had sufficient minimum contacts with West Virginia for this Court to exercise personal jurisdiction over CHSI.

Weirton then engaged in jurisdictional discovery and filed a "Supplemental Memorandum in Opposition to the Personal Jurisdiction Challenge Asserted by CHSI in its Response in Opposition to Weirton's Motion to Vacate" which included extensive discovery as to personal jurisdiction. ECF No. 78. CHSI then filed a response (ECF No. 79) and Weirton filed a reply to CHSI's response (ECF No. 80).

## II. Applicable Law

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving the existence of the grounds for jurisdiction by a preponderance of the evidence. Owens-Illinois, Inc. v. Rapid Am. Corp., (In re The Celotex Corp.), 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

Under a "long-arm" statute, such as West Virginia Code § 56-3-33, a state may enable its courts to exercise personal jurisdiction over non-residents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310,

4

315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary to go through the normal two-step formula for determining the existence of personal jurisdiction. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Instead, the "statutory inquiry merges with the Constitutional injury," and this Court must determine whether exercising personal jurisdiction is consistent with the due process clause. Id. at 628; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. Id. (citations omitted). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

If the defendant's contacts with the forum state provide the basis for the suit, those contacts may establish "specific jurisdiction." Carefirst of Md., Inc. v. Carefirst Pregnancy

5

Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003).  To determine whether specific jurisdiction exists, this Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"  Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

If the defendant's contacts with the state are not the basis for the suit, however, then jurisdiction "must arise from the defendant's general, more persistent, but unrelated contacts with the state."  Id.  A plaintiff establishes general jurisdiction by showing that the defendant's activities in the state have been "continuous and systematic."  Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)).

West Virginia's long-arm statute, which is coextensive with the Due Process Clause of the Fourteenth Amendment, expressly imputes an agent's contacts with West Virginia to the agent's principal.  W. Va. Code § 56-3-33.  The West Virginia Supreme Court of Appeals has held that an agent's contacts are imputed to its corporate principal.  Nezan v. Aries Techs., Inc., 704 S.E.2d 631, 641 (W. Va. 2010).  The West Virginia Supreme Court has also set forth a standard by which a subsidiary's contacts may be imputed to

a parent corporation. Bowers v. Wurzburg, 501 S.E.2d 479, 490 (W. Va. 1998). Thus, the existence of a principal-agent relationship and the nature of a parent-subsidiary relationship may be relevant to determining whether a corporation has minimum contacts with West Virginia.

## III. Discussion

In its response in opposition to plaintiff's motion to vacate the arbitration award, CHSI raises the issue of personal jurisdiction by asserting that "[t]he Court should deny Plaintiff's Motion to Vacate Arbitrator James D. Curphey's November 2, 2016 arbitration award" stating, "this Court cannot constitutionally exercise personal jurisdiction over Community Health Systems, Inc." ECF No. 43 at 1.

In support of its argument that this Court cannot exercise personal jurisdiction over CHSI, defendant asserts that CHSI is a Delaware holding company "with no employees in any state and no offices or agents in West Virginia," adding that CHSI "played no role in this contract dispute," and that during the time period relevant to this dispute, CHSI's only relationship with Quorum and QHR "was as a remote parent company." ECF No. 43 at 4. Defendant further argues that CHSI "does not transact business in West Virginia and did not and does not operate or even directly own Quorum or QHR," concluding that, to assert personal jurisdiction over CHSI in this case "merely because it has an indirect ownership

7

interest in Quorum or QHR would contradict settled personal jurisdiction jurisprudence and exceed even the outer limits of due process." ECF No. 43 at 4.

Weirton states in reply that CHSI, after obtaining a favorable arbitration award, contends for the first time that the Court lacks personal jurisdiction over it. Weirton asserts that CHSI's contention fails for two reasons: First, Weirton argues that CHSI waived any personal jurisdiction defense it could have asserted by participating in the arbitration proceeding compelled by this Court, and by subsequently entering a general appearance in this case by which it expressed its intention to file a motion to confirm the arbitration award entered in its favor. ECF No. 49 at 2. Second, Weirton asserts that this Court has specific personal jurisdiction over CHSI by virtue of CHSI's participation in the misconduct that caused harm to Weirton, a West Virginia resident. ECF No. 49 at 2.

As noted, Weirton then filed a motion for jurisdictional discovery (ECF No. 50). This motion was opposed by CHSI, and CHSI again requested that the Court dismiss it from this action for lack of personal jurisdiction (ECF No. 54). The Court granted, in part, Weirton's motion for jurisdictional discovery (ECF No. 56). Weirton then engaged in limited jurisdictional discovery and then filed a "Supplemental Memorandum in Opposition to the Personal

8

Jurisdiction Challenge Asserted by CHSI in its Response in Opposition to Weirton's Motion to Vacate." ECF No. 78.

In its supplemental memorandum, Weirton argues that CHSI's jurisdiction challenge fails for at least four reasons. First, Weirton claims that CHSI waived any personal jurisdiction defense it could have asserted by failing to raise its objection timely, by taking advantage of this Court's rulings, by fully participating in and obtaining an award in the arbitration proceeding compelled by this Court, and by subsequently entering a general appearance in this case expressing its intention to file a motion to confirm the arbitration award. Second, Weirton asserts that this Court has personal jurisdiction over the parties that participated in the arbitration because the arbitration award, and the proceeding from which it was derived, emanated from a contract that was negotiated, executed and performed in West Virginia and pursuant to an order of Court from West Virginia. Third, Weirton argues that this Court has specific personal jurisdiction over CHSI because CHSI participated in the misconduct that caused harm to Weirton, a West Virginia resident, and lastly, in the alternative, that CHSPSC, LLC (sometimes referred to as the "Professional Services Corporation") participated in that misconduct and the West Virginia contacts of the Professional Services Corporation are imputed to CHSI because the Professional Services Corporation was acting as the agent of CHSI, or is the alter ego of CHSI pursuant to the multiple-factor

9

test set forth in Bowers v. Wurzburg, 501 S.E.2d 479, 490 (W. Va. 1998).  ECF No. 78 at 3.

CHSI argues in its reply in support of objection to personal jurisdiction (ECF No. 79) that it "is not subject to personal jurisdiction—general or specific—in West Virginia" and asserts that CHSI is a holding company with no employees, does not control or otherwise direct the actions of its subsidiaries, does not now and has never conducted business in West Virginia, and as a result, "CHSI does not have contacts with West Virginia that justify the exercise of jurisdiction over it in this state."  ECF No. 79 at 1. CHSI asserts that Weirton has not sustained its burden of establishing either specific jurisdiction over CHSI based on CHSI's own alleged conduct (ECF No. 79 at 5), or based on the action of CHSPSC under an agency theory (ECF No. 79 at 7).  Further, CHSI asserts that Weirton has not sustained its burden of establishing general personal jurisdiction over CHSI under an alter ego theory based on CHSPSC's alleged activities in West Virginia.  ECF No. 79 at 14.  Lastly, CHSI posits that Weirton provides no case law to support the notion that CHSI is subject to personal jurisdiction in West Virginia because of a favorable arbitration award.

As previously stated, it is the burden of the plaintiff in response to a challenge to personal jurisdiction to establish, by a preponderance of the evidence, that personal jurisdiction exists over the challenging defendant.  This Court finds that the

plaintiff, Weirton, has failed to satisfy this burden. This Court finds no basis upon which to exercise personal jurisdiction over CHSI and that the exercise of personal jurisdiction over CHSI is improper and would offend traditional notions of fair play and substantial justice.

In its analysis of the memoranda and exhibits submitted by the parties, this Court has considered the extent to which CHSI purposefully availed itself of the privilege of conducting activities in West Virginia, the extent to which Weirton's claims arise out of those activities directed at West Virginia, and whether the exercise of personal jurisdiction would be constitutionally reasonable.

There is simply not enough evidence, in this Court's opinion, to give rise to personal jurisdiction. CHSI's contacts with West Virginia, if any, cannot be the basis for this civil action and are ultimately insufficient to exercise personal jurisdiction over CHSI. Further, this Court finds that jurisdiction does not arise from the CHSI's general, more persistent, but unrelated contacts with the state, finding that Weirton has also not established general jurisdiction over CHSI by failing to show that CHSI's activities in West Virginia have been continuous and systematic.

This Court finds that CHSI did not waive personal jurisdiction. CHSI did not participate in the motion to compel

arbitration (ECF No. 12 at 1 n.1), and was not a signatory to the arbitration agreement (ECF No. 12 at 15).

This Court finds that although a subsidiary's contacts may be imputed to a parent corporation under the factors set forth in <u>Bowers</u>, Weirton has failed to show that CHSI and its subsidiary "operate as one entity." CHSI attached the affidavit (ECF No. 43-1) of Vice President of Litigation, Deputy General Counsel-Administration for CHSPSC, LLC, Justin D. Pitt, to its response in opposition to plaintiff's motion to vacate the arbitration award. In his affidavit, Mr. Pitt explains that CHSI is a holding company that "has no employees" and "does not operate any of the hospitals that it indirectly owns" (ECF No. 43-1 at 1). Mr. Pitt also states that CHSI is a publicly-traded Delaware corporation having its principal place of business in Franklin, Tennessee. ECF No. 43-1 at 1. Further, Mr. Pitt states, among other things, that CHSI does not transact business in West Virginia, is not registered to do business in West Virginia, has not appointed an agent for service of process in West Virginia, has no office or place of business in West Virginia, has not entered into any contracts in West Virginia, and does not advertise, market, or offer services for sale in West Virginia. ECF No. 43-1 at 1-2. Mr. Pitt also states that CHSI has no arbitration agreement with the Claimant and neither Quorum nor QHR is designated as an agent for CHSI, nor were they at the time of the events alleged. ECF No. 43-1 at 2. Mr. Pitt adds that CHSI

does not hire, employ, instruct, educate, supervise, or train any of the Quorum or QHR staff or supervisory, managerial, or administrative personnel at Quorum or QHR, nor did it at the time of the events alleged in the Statement of Claim. ECF No. 43-1 at 3. Mr. Pitt also states that CHSI does not control the manner in which, or the details of how, those individuals' work is performed, nor did it at the time of the events alleged in the Statement of Claim. ECF No. 43-1 at 4. Lastly, Mr. Pitt states that CHSI has not held out any of the named individual defendants, as its agent or employee at any time, and has not held out Quorum or QHR as its agent at any time. ECF No. 43-1 at 4.

This Court also finds that Weirton did not allege a veil-piercing remedy in its complaint. Thus, CHSI is not subject to personal jurisdiction in this civil action based on the acts of the subsidiary.

Weirton has failed to show, through discovery or otherwise, that CHSI is subject to personal jurisdiction under an agency or alter ego theory. Even if Weirton's alter ego theory were sufficient under the <u>Bowers</u> factors, the parties agreed to arbitrate in Brentwood, Tennessee under the Interim Support Agreement and in Pittsburgh, Pennsylvania in the Services Agreement. Thus, neither agreement's arbitration clause provided for arbitration in West Virginia and CHSI did not contractually consent to this Court's jurisdiction.

13

This Court notes that in the final paragraph of Weirton's reply (ECF No. 80 at 14), Weirton requests that if CHSI is successful with its jurisdictional challenge, then that portion of Weirton's motion to vacate should be transferred to the United States District Court for the District of Delaware, the state in which CHSI is incorporated.  CHSI did not have opportunity to respond to this issue.  This Court will treat this request as a motion.

In its analysis of Weirton's request, this Court notes that Weirton, as the plaintiff, selected to file this action in this Court.  Further, this Court notes that defendant submits in its reply in support of objection to personal jurisdiction, "Weirton, of course, could have simply filed its Motion to Vacate in the U.S. District Court for the Middle District of Tennessee and this jurisdictional question and extensive discovery could have been avoided." ECF No. 79 at 4, n.3.  Thus, in considering the specific factors and procedural history of this case, this Court finds that denying plaintiff Weirton's request to transfer is proper. Accordingly, Weirton's request for transfer is DENIED WITHOUT PREJUDICE with leave to file elsewhere, if it so chooses.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds that it does not have personal jurisdiction over defendant Community Health Systems, Inc. and, thus, defendant Community Health Systems, Inc.'s

motion to dismiss for lack of personal jurisdiction (ECF No. 43) is GRANTED. Accordingly, defendant Community Health Systems, Inc. is DISMISSED from this civil action.

This Court finds that Federal Rule of Civil Procedure 58 should be interpreted to prevent loss of the right of appeal and the requirement of a separate document is to be mechanically observed. Bankers Tr. Co. v. Mallis, 435 U.S. 381, 386 (1978). Accordingly, pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this jurisdictional matter as to defendant Community Health Systems, Inc.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   December 12, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE